7284.   ROBINSON *v.* RICHMOND CASKET COMPANY.

BROYLES, J. 1. In view of the answer of the trial judge to the petition for certiorari, no abuse of discretion appears in his refusal to continue the case.

2. There was no error in overruling the demurrer to the petition.

3. In the light of the untraversed answer of the trial judge to the petition for certiorari, there is no merit in any of the various assignments of error therein, except the one which complains that on the hearing of the motion for a new trial the court passed an order overruling the motion, provided that the plaintiff would within ten days write off $4.40 from the judgment. A judge of the municipal court of Atlanta, upon the hearing of a motion for a new trial, is without express authority to direct that unless a portion of the judgment rendered therein be written off, the motion shall be granted. Nor is there anything in the act creating that court (Acts of 1913, p. 145) from which such authority would necessarily be implied. The authority of the appellate division of the municipal court of Atlanta on a motion for a new trial is limited to "sustaining or overruling said motion." *Cheshire* v. *Western Union Tel. Co.,* 16 *Ga. App.* 790 (86 S. E. 405); *Malsby* v. *Central of Ga. Ry. Co.,* 17 *Ga. App.* 417 (87 S. E. 160). Certainly a trial judge of that court, under the act establishing it, has no greater authority than the appellate division thereof. While this is true, however, the evidence clearly authorized a verdict for the plaintiff for the full amount returned, less any freight charges; and therefore this court, in the exercise of its discretionary power to terminate litigation, directs that all the freight charges be written off from the amount of the judgment, and that the defendant in error be taxed with the costs of this writ of error.          *Judgment affirmed, with direction.*

DECIDED SEPTEMBER 22, 1916. REHEARING DENIED SEPTEMBER 29, 1916.

Certiorari; from Fulton superior court—Judge Ellis. January 14, 1916.

*Morris Macks, S. A. Massell,* for plaintiff in error.

*Anderson, Slate & D'Orr, L. S. Hulbert,* contra.